IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2000 AUG 11  P 12: 07

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| IVTX, INC. d/b/a EXPRESS SCRIPTS INFUSION SERVICES | : |
| v. | : Civil Action No. WMN-00-0055 |
| UNITED HEALTHCARE OF THE MID-ATLANTIC, INC. | : |

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss (Paper No. 6). The motion is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

**I. BACKGROUND**

This complaint arises out of the alleged failure of Defendant United Healthcare (United) to pay Plaintiff IVTx, Inc. d/b/a Express Scripts Infusion Services (IVTx) for health care services rendered to United subscribers under a contract between IVTx and Doctor's Health, Inc. (DHI). In July 1996, United, a health maintenance organization (HMO) entered into an administrative service provider contract with DHI whereby DHI agreed to administer health care services to United subscribers. DHI, in turn, entered into a contract with IVTx whereby the latter provided infusion services to United's subscribers and submitted claims for payment of services to DHI.

After DHI filed bankruptcy, IVTx filed this action against

1

United, pursuant to Md. Code Ann., Health-Gen II §§ 19-712(b)(1)(ii) and 19-712.1(b)(1), for the money owed. United has moved to dismiss, arguing: 1) Title 19, Subtitle 7 of the Health General Article does not create a private right of action; 2) assuming IVTx has a private right of action, it failed to exhaust all available administrative remedies prior to bringing the present action; and 3) the Court should abstain from deciding the action because an administrative proceeding involving the same subject matter is pending.

**II. DISCUSSION**

Md. Code Ann., Health-Gen II § 19-712(b)(1)(ii) provides that an HMO that enters into an administrative service provider contract with a health care provider for the provision of health care services to HMO members, is also responsible for all claims for services rendered by a provider other than that provider with which the HMO entered into its administrative service contract. See Md. Code Ann., Health-Gen. II § 19-712(b)(1)(ii). Acts that constitute violations of § 00019-712 and the remedies for such violations are set forth in § 19-729, which provides that the Maryland Insurance Commissioner is responsible for enforcing the provisions of the Article. When a violation occurs, the Commissioner is to take action against the violator. See id. at §§ 19-729, 19-730 (listing various penalties that may be imposed

by the Commissioner). United contends that the statute's silence as to a private cause of action, in combination with its express administrative remedy, precludes any private right of action under the statute. Defendant's Motion at 5-7.

The Court's primary focus in determining whether there is an implied private right of action under a given statute is on the legislative intent. The factors commonly assessed in a determination of that legislative intent include: 1) the legislative history and purposes of the statute, 2) the identity of the class for whose particular benefit the statute was passed, and 3) the existence of express statutory remedies to serve the legislative purposes. See Sugarloaf Citizens Ass'n, Inc. v. Gudis, 78 Md. App. 550, 557 (1989)(citing Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 536 (1984)), aff'd 319 Md. 558 (1990). The Court will address each of these factors seriatim.

IVTx acknowledges that the legislative history is silent as to an intent to create a private cause of action under the statute. Plaintiff's Opp. at 3. IVTx further acknowledges that, under federal law, silence weighs against the finding of an intent of the legislature to create a private cause of action. See Touche Ross & Co. v. Redington, 442 U.S. 560, 571 (1979). In Touche Ross, the United States Supreme Court held that, "implying a private right of action on the basis of Congressional silence

is a hazardous enterprise at best." Id. The Supreme Court further determined that where the plain language of a provision weighs against implication of a private remedy, silence within the legislative history as to a private cause of action reinforces the decision not to find such a right implicitly. Id. IVTx, however, relying on the reasoning of the Maryland Court of Special Appeals in Sugarloaf, argues that the silence of legislative history surrounding Title 19, Subtitle 7 should be given very little weight in determining whether there is an implied private cause of action under the statute, since legislative record keeping is much less extensive at the state level than the federal level.

In Sugarloaf, the plaintiffs sought to bring a private right of action under a county ethics code. Noting the "vast difference in legislative record-keeping between the Congress and a municipal or local government," the court stated its reluctance to place much weight on the silence of the legislative history. 78 Md. App. at 558. Given a similar comparative sparsity of legislative history accompanying Maryland state legislation, the Court agrees that this first factor is entitled to little weight. Thus, the Court considers the remaining factors.

In determining whether a private right of action is to be implied, the Maryland Court of Appeals has distinguished between

those statutes designed to confer a general benefit on the public at large and those designed to protect a particular subgroup of the public or to preserve or create individual rights. See Widgeon v. Eastern Shore Hosp. Ctr., 300 Md. 520, 536 (1984). IVTx contends that the sole purpose of § 19-712(b)(1)(ii) is to ensure that external providers get paid for the goods or services provided to members of HMOs and, therefore, the statute falls into the latter category, being one that is designed to protect a particular subgroup of the public. Plaintiff's Opp. at 4-5.[1] IVTx further argues that an individual right of action flows directly from the purpose of the statute. Id.

The Court first notes that it is not entirely convinced that the sole purpose of the statute in question is to protect external providers. The statute may also serve to streamline claims against HMOs by providing a consolidated administrative structure to deal with such disputes. The creation of the administrative structure may be designed to minimize the possible congestion of the courts with such claims. The statute, therefore, under this at least plausible analysis, would serve to

---

[1] See In re Doctor's Health, Inc., 238 B.R. 594, 599 (Bankr. D. Md. 1999), a case involving United and DHI, arising out of the bankruptcy of DHI. There, the United States Bankruptcy Court for the District of Maryland, looking to Md. Code Ann., Health-Gen. II § 19-713.2(c), found that the provision made clear that Maryland's focus in enacting the HMO Act was to increase the likelihood of external providers being paid for services rendered on behalf of contracting providers such as DHI.

confer a general benefit on the public at large.

Even were the Court to assume, however, that IVTx is correct and that the sole purpose of the statute is to protect a particular subgroup of the public (external medical service providers), such an assumption does not lead necessarily to the conclusion that there is an implied right of private action created under the statute. The Maryland Court of Appeals held in <u>Widgeon</u>, "where a statute establishes an individual right, . . . <u>and fails to provide an express statutory remedy</u>, a traditional common law action will ordinarily lie." 300 Md. at 536 (emphasis added). In the present case, in contrast, there is an express statutory remedy available to protect the rights of the external medical service providers -- the administrative structure in which action is taken by the Commissioner against violations of the statute. Moreover, in the event an unfavorable final decision is given, the parties have the right to seek judicial review in Maryland state court. Md. Code Ann., Health-Gen. II §§ 19-732, 19-733. IVTx fails to acknowledge this important qualification.

The factor, however, that lends the greatest support to the conclusion that there is no implied private right of action under the statute is the Maryland General Assembly's inclusion in the statute of an express provision charging the Commissioner to enforce the statute's terms. In <u>Transamerica Mortgage Advisors,</u>

Inc. v. Lewis, 444 U.S. 11 (1979), a decision relied upon heavily by the Maryland Court of Special Appeals in Sugarloaf, the plaintiff argued that an implied private cause of action existed under a particular statute that authorized an administrative body to take action against violations of its provisions. The Supreme Court held that, "[i]n view of these express provisions for enforcing the duties imposed by [the statute at issue], it is highly improbable that 'Congress absentmindedly forgot to mention an intended private action.'" 444 U.S. at 20 (quoting Cannon v. Univ. Of Chicago, 441 U.S. 677, 742 (1979)(Powell, J. dissenting)). Moreover, the Court held "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." 444 U.S. at 19.

The Court will follow this "elemental canon of statutory construction" in the present case. An express remedy that serves to ensure that the external providers receive payment for their services to HMO subscribers is provided under the statute. IVTx's rights, therefore, are adequately protected under the current administrative structure. Following the analysis of Transamerica, cited in Sugarloaf, the Court finds that it is highly improbable that the legislature "absentmindedly forgot to mention an intended private action" and the Court refrains from reading other remedies into the particular one expressly provided

under §§ 19-729, 19-730 and 19-733.

Because the Court finds that there is no private right of action under the statute, it need not consider the merits of Defendant's exhaustion or abstention arguments. The Court notes, however, without ultimately deciding those issues, that the principles underlying the exhaustion requirement and the abstention doctrines fully support dismissal, particularly under the specific facts in this case.

Here, the Commissioner has already commenced proceedings that can afford Plaintiff precisely the relief that it is seeking in this action. The Commissioner has, in fact, already issued a preliminary order that would require Defendant to make payment to Plaintiff and other similarly situated parties. Although Plaintiff is not technically a party in those proceedings, should the Commissioner issue a final decision adverse to its interests, it will have the right to appeal that decision in the state court. To allow Plaintiff (as well as all of the other providers whose claims are encompassed in the Commissioner's order) to circumvent that process and initiate parallel proceedings in this or other courts would be a waste of judicial resources and would also give rise to the potential for conflicting results.

## III. CONCLUSION

For these reasons, the Court concludes that Defendant's motion to dismiss should be granted. A separate order will

issue.

_____
William M. Nickerson
United States District Judge

Dated: August 11, 2000